U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 3 0 2008

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAMON MARK LEWIS, ID # 1297035, Petitioner, | ) ) ) ) | |
| vs. | ) ) | No. 3:08-CV-1755-P (BH) ECF |
| NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. | ) ) ) ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge his Dallas County conviction for misapplication of fiduciary property in Cause No. F04-00848-HU. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**B. Procedural History**

On December 22, 2004, petitioner was convicted on a plea of guilty and sentenced to twenty years imprisonment. (Pet. Writ of Habeas Corpus (Pet.) ¶¶ 2-3.) He did not appeal the conviction. (*Id.*) Nevertheless, on August 31, 2007, he filed a state petition seeking habeas relief. (*Id.* ¶ 11.) On April 9, 2008, the Texas Court of Criminal Appeals denied the petition. (*Id.*)

Petitioner filed the instant petition on September 22, 2008, when he placed it in the prison mail system. (Pet. at final page[1]); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). Petitioner asserts four claims: (1) denial of counsel at a critical stage; (2) denial of counsel of choice; (3) ineffective assistance of counsel due to self-interest conflict; and (4) involuntary plea. (Pet. ¶ 20.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

---

[1] The petition has no page numbers.

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

In this case, petitioner did not appeal his conviction. For purposes of § 2244(d), the state conviction thus becomes final thirty days after he pled guilty and was sentenced on December 22, 2004. *See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000) (noting that a conviction becomes final under Texas law thirty days after the defendant pled guilty and failed to file an appeal); *Ellis v. Johnson*, 11 F. Supp. 2d 695, 698 (N.D. Tex. 1998). Petitioner's state judgment of conviction thus became final on January 21, 2005.

With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief also became known or could have become known prior to the date petitioner's state judgment of conviction became final. When petitioner pled guilty he knew or should have known the facts that form the basis for each of his claims.

Because petitioner filed his petition more than one year after his conviction became final, a literal application of § 2244(d)(1) renders this action untimely.

### III. TOLLING

The clear language of § 2244(d)(2) and a prior holding of this Court mandate that petitioner's time calculation be tolled during the period in which his state habeas application was pending before

the Texas state courts. *See Henderson v. Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). When petitioner filed his state petition on August 31, 2007, the statutory limitations period had already expired because his conviction became final in January 2005. Thus, the statutory tolling provision does not save the September 22, 2008 federal petition. Further, nothing in the petition indicates that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling); *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998) (same). The instant action should therefore be deemed untimely.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 30th day of October, 2008.**

*[signature]*

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE